UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-CV-00145-BO

NICHOLAS PADAO, *on behalf of themselves and others similarly situated*,

    Plaintiffs,

v.

AMERICAN EXPRESS NATIONAL BANK,

    Defendant.

# MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY PENDING RULING ON MOTION TO COMPEL ARBITRATION

## I. INTRODUCTION

The Cardmember Agreement governing the American Express card account and associated claims of Plaintiff Nicholas Padao ("Plaintiff") requires Plaintiff to arbitrate the present dispute on an individual basis. Plaintiff, however, persists in refusing to comply with the terms of the Cardmember Agreement, purportedly on the grounds of an admittedly untenable claim under the Military Lending Act, 10 U.S.C. § 987 (the "MLA") (which prohibits arbitration agreements with "covered members"). Because Plaintiff refuses to comply with the terms of his agreement, and now is pursuing extensive discovery, including regarding sensitive financial information belonging to supposed class members (of a class he cannot represent), American Express has moved to compel arbitration and now seeks a protective order staying discovery, pending this Court's decision on arbitrability.

Courts in the Fourth Circuit have consistently held that discovery should be stayed pending a decision of arbitrability. A protective order therefore is warranted until this Court has had an opportunity to adjudicate American Express's Motion to Compel Arbitration. As further detailed below, American Express should be protected from appearing for depositions or responding to written discovery because discovery would undermine both the purpose of the arbitration agreement between the parties and the liberal public policy favoring arbitration.

## II. FACTUAL BACKGROUND

Plaintiff commenced this action purportedly on behalf of himself and a class of similarly-situated individuals, alleging that American Express charged certain cardholders, who were members of the United States military, impermissibly high interest rates and fees during active duty in violation of the MLA, the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 et seq. (the "SCRA") and other statutory and common law causes of action. (ECF No. 1.) As the parties have met and conferred about at length, however, Plaintiff's claims are subject to mandatory, binding, individual arbitration as set forth in Plaintiff's governing American Express Cardmember Agreement. (See ECF No. 29:3-4, Ex. A.) In an attempt to avoid arbitration, Plaintiff asserts an MLA violation, improperly attempting to invoke the MLA's prohibition on enforcement of arbitration agreements made when a consumer is a "covered member." The MLA, however, does not apply to Plaintiff because he admittedly is not a "covered member" within the plain meaning of the statute.

- 2 -

Indeed, Plaintiff's counsel has conceded in writing that the MLA does not apply to Plaintiff. (See ECF No. 29:2.)

American Express advised Plaintiff that his claims are subject to mandatory, individual arbitration because he is not a "covered member" under the MLA, and Plaintiff agreed. (See ECF No. 29:2.) Despite this, Plaintiff served Interrogatories and Requests for Production to American Express that almost exclusively address class discovery. (ECF Nos. 26-5, 26-6.) American Express objected to the discovery requests because Plaintiff's claims are subject to binding, individual arbitration, among other grounds. (Id.) Plaintiff filed the Omnibus Discovery Motion on January 19, 2023, seeking to compel discovery from American Express. (ECF Nos. 24-25.) American Express filed its Motion to Compel Arbitration on January 25, 2023. (ECF Nos. 28-29.)

### III.  ARGUMENT

#### A.  Standard of review

Under Federal Rule of Civil Procedure 26(c)(1), a court "may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). Under this Rule, a court may stay discovery pending the outcome of a dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986), rev'd on other grounds, Sheridan v. United States, 487 U.S. 392 (1988). Moreover, Rule 26(c) "authorizes the Court to issue orders establishing an array of limitations on discovery." Yongo v. Nationwide Affinity Ins. Co. of Am., No. 5:07-cv-94, 2008 WL 516744, at *2 (E.D.N.C.

Feb. 25, 2008). A court may therefore properly exercise its discretion under Rule 26(c) to stay discovery pending resolution of dispositive motions, like American Express's Motion to Compel Arbitration. Id.

**B.     A Stay of discovery Pending The Court's Ruling On The Motion To Compel Arbitration Is Warranted.**

As Plaintiff's dispute arises out of its the Cardmember Agreement and credit extended pursuant thereto, American Express should not be required to participate in the discovery process before this Court in light of the mandatory arbitration provision in the Cardmember Agreement. Indeed, discovery and pre-trial litigation are inconsistent with arbitration. See Donley v. Sallie Mae, Inc., No. 5:14CV165, 2015 WL 1650097, at *8 (N.D.W.V. Apr. 14, 2015) ("Granting the plaintiff's alternative request [for additional discovery] would hinder, rather than further, arbitration's goal of resolving disputes in a timely and cost efficient manner.") (internal quotes omitted).

The Federal Arbitration Act requires courts to resolve arbitrability disputes in "an expeditious and summary hearing, with only restricted inquiry into factual issues." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 22 (1983). "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Id. at 25. Accordingly, courts must resolve doubts in favor of arbitrability, including any issue of "waiver, delay or a like defense to arbitrability." Id. at 24-25.

- 4 -

This Court and several courts in the Fourth Circuit have held that judicial proceedings, including discovery, must be stayed once a court is put on notice of a motion to compel arbitration or dispositive motion. See, e.g., Mystic Retreat Med Spa & Weight Loss Cntr., PLLC v. Ascentium Capital, LLC, No. 1:21CV515, 2022 WL 16836202, at *2 (M.D.N.C. Sept. 15, 2022) (granting stay of discovery pending resolution of motion to compel arbitration where "there are clear and convincing circumstances to justify a stay of discovery and that any potential harm to Plaintiff is outweighed by those same circumstances"); Brown v. CHM Mfg., Inc., No. 2:13–31404, 2014 WL 2973349, at *2 (S.D.W.V. July 2, 2014) (staying discovery where "defendants will not be afforded the benefits of arbitration should discovery continue and they prevail on their motion to compel arbitration"); Williamsport Realty, LLC v. LKQ Venn-Mar, Inc., No. 3:14-CV-118, 2014 WL 12596396, at *1 (N.D.W.V. Dec. 16, 2014) ("Awaiting the outcome of the motion to compel arbitration before discovery ensues will ensure that the parties proceed in the proper forum and protect [the defendants'] right to arbitration should the Court find in its favor."); Loney v. State Collection Serv., No. 7:13–CV–247–BR, 2014 WL 349480, at *3 (E.D.N.C. Jan. 31, 2014) ("Because the motion to dismiss challenges the sufficiency of the Complaint on its face, it is not necessary for Plaintiff to gather facts in defense of the motion, and discovery is irrelevant to the motion. Defendant's motion to dismiss likewise could terminate all claims in this case." (citing Yongo v. Nationwide Affinity Ins. Co. of Am., No. 5:07-cv-94, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008))).

As these authorities make clear, requiring American Express to appear for depositions or respond to written discovery requests before this Court rules on American Express's pending Motion to Compel Arbitration would defeat the purpose of arbitration and deny American Express its express contractual rights.

**C. A Stay of Discovery Will Cause No Prejudice To Plaintiff, Whereas Proceeding With Discovery May Substantially Prejudice American Express.**

A stay of discovery pending adjudication of the Motion to Compel Arbitration will not prejudice Plaintiff given that he appears to agree that resolution of American Express's Motion to Compel Arbitration should precede discovery in this litigation. (ECF No. 26 ¶¶ 4-5 ("Plaintiff's delayed propounding discovery . . . [and sought to] schedule[e] [American Express's] motion to compel arbitration and setting a briefing schedule . . . .").) Indeed, Plaintiff is still in the process of identifying his claims and adding an additional plaintiff as he has now filed two motions for leave to amend. (ECF Nos. 21-22; 34.) Moreover, in his Memorandum in Support of First Motion to Amend Complaint, Plaintiff relies on the fact that discovery is <u>not</u> underway to support his motion to amend the Complaint. Plaintiff asserts:

> Defendant can show no prejudice by the filing of this amended pleading. Such amendment will not have any effect on the overall case schedule given the infancy of this proceeding. Indeed, no discovery has yet been conducted, and as such, allowing Mr. Uyematsu to be added as a plaintiff causes no prejudicial delay. See <u>Wilson v. TelAgility Corp.</u>, Civil Action No. GLR-17-1236, 2019 U.S. Dist. LEXIS 96396 (D. Md. June 7, 2019) ("an amendment is not prejudicial 'if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred'") (quoting <u>Laber</u>, 438 F.3d at 427).

(ECF No. 22:4.)

If the Court compels the parties to arbitrate this dispute as the Cardmember Agreement requires, Plaintiff will be able to obtain discovery allowable pursuant to the Cardmember Agreement and any applicable rules of the selected arbitration forum. Alternatively, if the Court denies the Motion to Compel Arbitration, Plaintiff will have an opportunity to obtain (relevant and non-privileged) discovery from American Express. Thus, Plaintiff will not suffer any harm if the Court grants American Express's request and stays discovery.

On the other hand, if these proceedings are not stayed, American Express would suffer irreparable harm and hardship through potentially unnecessary discovery and further litigation while awaiting this Court's ruling on the Motion to Compel Arbitration. The United States Supreme Court has made clear that the fundamental benefit of arbitration arises from its "streamlined procedures[.]" AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011); see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 685 (2010) ("In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed[.]"). Engaging in discovery and further litigation would frustrate the purpose of arbitration and deprive American Express of its contractual rights with Plaintiff.

Because the foregoing good cause exists, American Express respectfully requests this Court enter an order protecting American Express from appearing for depositions and staying discovery, until such time as the Court has decided the Motion to Compel Arbitration.

## IV.    CONCLUSION

For the foregoing reasons, American Express respectfully requests this Court enter an order protecting American Express from appearing for depositions or responding to any written discovery requests and staying discovery pending the Court's ruling on the pending Motion to Compel Arbitration.

Dated: February 27th, 2023

Respectfully submitted,

By: /s/Edwin L. West, III
Edwin L. West, III
NC State Bar No. 22376
ewest@brookspierce.com
Justin N. Outling
NC State Bar No. 38409
joutling@brookspierce.com
OF COUNSEL:
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, L.L.P.
P. O. Box 26000
Greensboro, NC 27420
Telephone: 336-373-8850
*Local Rule 83.1(d) Counsel*

/s/ Alisa M. Taormina
Brian C. Frontino
Florida Bar No. 95200
Alisa M. Taormina
Florida Bar No. 070848
Mario O. Marin
Florida Bar No. 123879
STROOCK & STROOCK & LAVAN LLP
2 South Biscayne Boulevard, Suite 2300
Miami, Florida 33131
Telephone: (305) 358-9900
Facsimile: (305) 789-9302
bfrontino@stroock.com
ataormina@stroock.com
lacalendar@stroock.com

Attorneys for Defendant
*American Express National Bank*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF on February 27th, 2023, and served on the counsel and/or parties of record listed below:

/*s*/Edwin L. West, III