IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-145-BO

NICHOLAS PADAO and ROBERT )
UYEMATSU, *on behalf of themselves and* )
*others similarly situated*, )
                                 )
               Plaintiffs, )
                                 )
     v.                             )        O R D E R
                                 )
AMERICAN EXPRESS NATIONAL )
BANK, )
                                 )
               Defendant. )

This cause comes before the Court on defendant's motion to stay this litigation pending appeal in *Espin v. Citibank, N.A.*, No. 5:22-CV-383-BO-RN (E.D.N.C). Plaintiffs have responded in opposition, defendant has replied, and the motion is ripe for ruling. For the reasons that follow, defendant's motion is granted.

BACKGROUND

Plaintiffs filed this action seeking to redress on behalf of themselves and others alleged violations of, *inter alia*, the Servicemembers Civil Relief Act (SCRA) and the Military Lending Act (MLA). Defendant has filed a motion to compel arbitration of the claims of plaintiff Nicholas Padao based upon an arbitration agreement contained in his cardmember agreement. The parties agree that plaintiff Robert Uyematsu opted out of the arbitration agreement and is thus not covered by its terms.

While defendant's motion to compel arbitration has been pending, this Court decided in *Espin v. Citibank, N.A.*, No. 5:22-CV-383-BO-RN (E.D.N.C), that the SCRA precludes enforcement of contractual arbitration provisions. Citibank has appealed that decision, and the matter is pending before the court of appeals. Because defendant has raised the identical issue in this case, and the Fourth Circuit's decision in *Citibank* will directly impact the Court's treatment of defendant's motion to compel arbitration here, defendant asks the Court to stay this case. Though defendant agrees that plaintiff Uyematsu is not covered by its arbitration agreement, it seeks a stay as to his claims as well, or alternatively to transfer his claims to the United States District Court for the Southern District of New York.

## DISCUSSION

A district court has inherent authority to manage its docket to promote "economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). When determining whether to stay proceedings, a district court generally considers "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-2274-JFA, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (citation omitted).

Judicial economy weighs heavily in favor of staying this action, and the Court discerns no prejudice to plaintiffs which would outweigh this economy. The legal issue before the court of appeals in *Citibank* is identical to the issue raised in defendant's motion to compel arbitration of Padao's claims, and defendant correctly argues that any factual differences between Padao's and Espin's arbitration agreements are of no moment when determining whether economies weigh in favor of a stay here. The harms plaintiffs have identified in opposing a stay are, at bottom, monetary, and any "delay in monetary recovery is an insufficient basis to deny a stay." *Gustavson*

2

*v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014); *see also Revolutions Med. Corp. v. Strategic Prod. Dev., Inc.*, No. 2:12-CV-2793-RMG, 2013 WL 12156813, at *2 (D.S.C. Mar. 12, 2013) (noting that vague statements of hardship are insufficient to outweigh economies of time and effort when considering a stay).

The Court further determines that a stay of the case as to plaintiff Uyematsu is also warranted. Contrary to plaintiffs' argument, splitting the discovery in this case to permit Uyematsu to proceed both on his claims and in attempting to represent other cardholders who opted out of the arbitration agreement is not the most efficient path forward. The Court discerns no tactical disadvantage to plaintiffs in staying this action in its entirety, in particular because defendants have indicated that they will seek to transfer Uyematsu's claims to the Southern District of New York once the issue of arbitration has been decided.

Accordingly, the Court, in its discretion, determines that a stay of this action is appropriate. In light of the stay, the Court will resolve or deny without prejudice, as set forth more fully below, the motions that are currently pending in this case.

CONCLUSION

Plaintiff's omnibus discovery motion [DE 24] and defendant's motion for protective order [DE 38] are DENIED WITHOUT PREJUDICE. Defendant's motion for extension of time [DE 48] is GRANTED and its reply at [DE 49] is deemed timely filed. Defendant's motion to stay [DE 58] is GRANTED. Defendant's motion to compel arbitration [DE 28] is DENIED WITHOUT PREJUDICE. This action is hereby STAYED in its entirety pending entry of the mandate of the court of appeals in *Espin v. Citibank, N.A.*, No. 5:22-CV-383-BO-RN (E.D.N.C). Within fourteen days of the entry of the mandate in *Citibank*, defendant shall (1) refile its motion to compel

3

arbitration in light of the Fourth Circuit's holding in *Citibank*, (2) file a request for entry of an amended scheduling order, or (3) file another appropriate motion.

SO ORDERED, this __11__ day of December 2023.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE